IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

CHARLESTON DIVISION

DENNIS RYDBOM,

        Plaintiff,

v.                                      CIVIL ACTION NO. 2:15-cv-12155

LISA BOGGS, et al.,

        Defendants.

MEMORANDUM OPINION AND ORDER

Pending before the court is the defendants' Motion to Dismiss [ECF No. 14]. The Motion to Dismiss was referred to the Honorable Dwane L. Tinsley, United States Magistrate Judge, for submission of proposed findings of fact and recommendation for disposition pursuant to 28 U.S.C. § 636(b)(1)(B). The Magistrate Judge has submitted proposed findings of fact and has recommended that the court grant the defendants' Motion to Dismiss [ECF No. 26].

Thereafter, the petitioner filed timely Objections to the Magistrate's Proposed Findings and Recommendation [ECF No. 27]. When a Magistrate Judge issues a recommendation on a dispositive matter, the court reviews *de novo* those portions of the Magistrate Judge's report to which specific objections are filed. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3). The court has reviewed *de novo* those portions of the Proposed Findings and Recommendation to which the petitioner has filed specific

objections. For the reasons set forth below, I **FIND** that the petitioner's objections lack merit. Accordingly, I **ADOPT** and incorporate herein the Magistrate Judge's Proposed Findings and Recommendation and **GRANT** the defendants' Motion to Dismiss [ECF No. 14].

## BACKGROUND

After *de novo* review of those portions of the Magistrate Judge's Proposed Findings and Recommendation to which objections were filed, the court **ADOPTS** the statement of relevant facts and procedural history set forth in the Magistrate Judge's Proposed Findings and Recommendation.

## LEGAL STANDARD

*1. Standard of Review of Proposed Findings of Fact and Recommendation*

A district court "shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1)(C). This court is not, however, required to review, under a *de novo* or any other standard, the factual or legal conclusions of the magistrate judge as to those portions of the findings or recommendation to which no objections are addressed. *Thomas v. Arn*, 474 U.S. 140, 150 (1985). In addition, this court need not conduct a *de novo* review when a party "makes general and conclusory objections that do not direct the Court to a specific error in the magistrate's proposed findings and recommendations." *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982). When reviewing portions of the report *de novo*, this court will consider the fact that the

plaintiff is acting *pro se*, and his pleadings will be accorded liberal construction. *Estelle v. Gamble*, 429 U.S. 97, 106 (1976); *Loe v. Armistead*, 582 F.2d 1291, 1295 (4th Cir. 1978).

### 2. Motion to Dismiss

A motion to dismiss filed under Rule 12(b)(6) tests the legal sufficiency of a complaint or pleading. *Giarratano v. Johnson*, 521 F.3d 298, 302 (4th Cir. 2008). A pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). This standard "does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). To survive a motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id.* (quoting *Twombly*, 550 U.S. at 570). To achieve facial plausibility, the plaintiff must plead facts allowing the court to draw the reasonable inference that the defendant is liable, moving the claim beyond the realm of mere possibility. *Id.* Mere "labels and conclusions" or "formulaic recitation[s] of the elements of a cause of action" are insufficient. *Twombly*, 550 U.S. at 555.

## DISCUSSION

The petitioner makes eight objections to the Magistrate Judge's proposed findings and recommendation. I will review each objection.

*1. Objection #2*

The petitioner objects to the Magistrate Judge's finding that the item withheld from the petitioner pursuant to the prison's mail policy was the National Academy of Science's Report on eyewitness testimony ("the Report"). Pet'r Obj. 1–2 [ECF No. 27]. The petitioner himself alleged in his complaint that it was the Report which was withheld from him pursuant to the prison's mail policy. Compl. 5–6, 11 [ECF No. 2]. On a motion to dismiss under Federal Rule of Civil Procedure Rule 12(b)(6), the court takes as true the well-pleaded facts in the complaint. *See Nemet Chevrolet, Ltd v. Consumeraffairs.com, Inc.*, 591 F.3d 250, 253 (4th Cir. 2009). Since the petitioner himself repeatedly alleges that it was the Report which was withheld, he cannot now demand skepticism from the court as to what was withheld. Accordingly, I **FIND** this objection is without merit.

*2. Objection #3*

The petitioner objects to the Magistrate Judge's finding that he has alternative means of obtaining the Report within the prison's mail policy. Pet'r Obj. 3. The prison's mail policy allows inmates to purchase books directly from the publisher or book retailer. *See* Proposed Findings and Rec. 10 [ECF No. 26]. That the petitioner has been unsuccessful in his attempts to obtain a *free* copy of the Report does not mean that he has no reasonable alternative for obtaining it. The prison policy explicitly allows him to purchase a copy directly from the publisher. Accordingly, I **FIND** that this objection is without merit.

*3. Objection #4*

The petitioner objects to the Magistrate Judge's finding that he lacks standing to assert free speech rights on the behalf of commercial publishers. Pet'r Obj. 3. This objection misunderstands the notion of legal standing. Accordingly, I **FIND** that this objection is without merit.

*4. Objection #5*

The petitioner objects to the Magistrate Judge's finding that the prison mail policy is rationally related to legitimate penological interests by claiming that the policy is overbroad. Pet'r Obj. 3. This objection is conclusory. Accordingly, I **FIND** that this objection is without merit.

*5. Objection #6*

The petitioner's objection number six does not state an objection to the Magistrate Judge's findings sufficiently specific for this court to review. Pet'r Obj. 4. Accordingly, I **FIND** that this objection is without merit.

*6. Objection #7*

The petitioner objects to the Magistrate Judge's finding that the prison's mail policy and its appeals process comport with due process requirements. Pet'r Obj. 4. He argues that he should be given a meaningful statement of reasons for why his mail was withheld. *Id.* However, the case law is clear that due process only requires that (1) the prisoner be notified that his mail has been withheld, that (2) the prisoner be provided a reasonable opportunity to protest that decision, and that (3) the

prisoner's protest of the decision be decided by a different official than the one who made the original determination. *See Procunier v. Martinez*, 416 U.S. 396, 418–19 (1974). Due process does not require the "meaningful statement of reasons" that the petitioner contends it does. In this case, the petitioner received notice his mail was withheld, he was given a reasonable opportunity to protest, and his protest was reviewed by a different official than the one who made the original determination. Compl. 4. Accordingly, I **FIND** that this objection is without merit.

*7. Objections #8 and #9*

These objections are conclusory and do not point the court to a specific error in the Magistrate Judge's Proposed Findings and Recommendation. Pet'r Obj. 5. Accordingly, I **FIND** that these objections are without merit.

Having reviewed the petitioner's objections *de novo* and having found that they are without merit, I **ADOPT** and incorporate herein the Magistrate Judge's Proposed Findings and Recommendation [ECF No. 26] in full and **GRANT** the defendants' Motion to Dismiss [ECF No. 14]. Accordingly, I **ORDER** this action be **DISMISSED with prejudice** and **DIRECT** this action to be stricken from the docket.

The court **DIRECTS** the Clerk to send a copy of this Order to counsel of record and any unrepresented party.

ENTER: September 7, 2017

JOSEPH R. GOODWIN
UNITED STATES DISTRICT JUDGE